IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHARMANE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02492-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| CAPITAL ONE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Magistrate Court issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for leave to proceed in forma pauperis. (ECF No. 8 at PageID 4–5.) The Magistrate Court also recommended that, if the Court chooses to enter an order adopting the R&R, this Court should also order Plaintiff to pay the $400 civil filing fee within 14 days of the order's entry. (*Id.* at ECF No. 5.) Plaintiff timely objected to the R&R. (ECF No. 9.) For the reasons below, the Court **DENIES** Plaintiff's objection and **ADOPTS** the R&R. Thus, the Court **DENIES** Plaintiff's motion for leave to proceed in forma pauperis and **DIRECTS** Plaintiff to pay the filing fee within 14 days of the entry of this Order if she wishes to proceed with this action.

**BACKGROUND**

Plaintiff began this action in the Western District of Texas. (ECF No. 1.) Plaintiff claims that Defendant Capital One Bank improperly placed her credit card account in default and that she is receiving improper advertising mail at her Tennessee home. (ECF No. 1-1 at PageID 3–

4.) Plaintiff therefore seeks $200 million in damages. (*Id.* at PageID 4.) Plaintiff also moved for leave to proceed in forma pauperis. (ECF No. 1.)

Without ruling on the merits of Plaintiff's pleadings, the Western District of Texas entered an order holding that Plaintiff could have brought this action in the Western District of Tennessee, "where the events or omissions giving rise to Plaintiff's claims allegedly occurred," and that "[t]here appears to be no connection between this litigation and the Western District of Texas." (ECF No. 4 at PageID 11–12.) So the Western District of Texas ordered the case's transfer to this district.

Under Administrative Order 2013-05, the Magistrate Court determines pretrial matters pending here and it considered Plaintiff's motion for leave to proceed in forma pauperis. (ECF No. 8.) The Magistrate Court issued the R&R now before the Court based on that consideration. (*Id.*)

According to the R&R, "[t]his court has previously noted that [Plaintiff] is a 'frequent filer of patently meritless lawsuits' who demonstrates a 'marked propensity to abuse the judicial system in an attempt to harass the defendants as well as the court.'" (*Id.* at PageID 4) (citing *Smith v. Dell, Inc.*, No. 2:06-cv-2496-JDB-dkv, ECF No. 4, 8–9 (W.D. Tenn. Jan. 24, 2007).). The R&R notes that "District Judge J. Daniel Breen ordered that [Plaintiff] 'may not commence any action in this district without paying the full civil filing fee." (*Id.*) (citing *Smith* at 10.). It also notes that "Judge Breen's order likewise applies to 'any action that is filed in another district and transferred to this district.'" (*Id.*) (citing *Smith* at 10–11.).

Based on the directives in *Smith*, the Magistrate Court "recommended that [Plaintiff]'s motion for leave to proceed in forma pauperis be denied with prejudice and that, should the

2

presiding District Judge adopt this recommendation, [Plaintiff] be required to pay the full $400.000 civil filing fee within (14) days from that order." (*Id.*)

Plaintiff timely objected to the R&R. (ECF No. 13); *see* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Plaintiff objects that: (1) transferring this case to the Western District of Tennessee was an abuse of judicial discretion; (2) that she was "falsely, prejudicially, and malfeasantly labeled as an abusive and harassing litigant" with the intent to "defame, demean, and discredit" her to obstruct justice; and (3) the sanctions imposed against her prohibiting her from filing in forma pauperis are abuses of discretion. (ECF No. 9 at PageID 7–8.)

## ANALYSIS

The Court must review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cty. Gov't*, No. 217-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). For the following reasons, the Court finds that Plaintiff has not properly objected to the Magistrate Court's findings.

As to her claim that the Western District of Texas improperly transferred this case, this Court has no power to review that Order transferring the case. The transferee court cannot entertain an appeal based on improper transfer of venue. *See EEOC v. Northwest Airlines, Inc.*,

3

188 F.3d 695, 700 (6th Cir. 1999) (citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3846, at 359 (2d ed. 1986 & Supp. 1999)). The Sixth Circuit recently held that the transferee court of appeals may review a non-final order issued by a district court outside the Sixth Circuit if the case eventually reaches a final judgment within the Sixth Circuit because all previous non-final orders merge with the final judgment, becoming appealable to the court of appeals embracing the district court issuing the final judgment. *Kalama v. Matson Navigation Co., Inc.*, 875 F.3d 297, 304–05 (6th Cir. 2017).

This Court has yet to enter a final judgment here, and therefore any appeal of the order transferring the case to the Sixth Circuit is premature. *See Miller v. Toyota Motor Corp.*, 554 F.3d 653, 655 (6th Cir. 2009) (citing *Lemon v. Druffel*, 253 F.3d 680, 683 (6th Cir. 1958) ("[I]t has long been 'settled that an order granting a transfer or denying a transfer is interlocutory and not appealable.'").

Moreover, this Court rejects Plaintiff's contention that the sanctions imposed against her were improper. Plaintiff has filed many cases in the Western District of Tennessee, and several other cases have been transferred here from other Districts. And she has appealed the revocation of her privilege to file as a pauper many times but has been wholly unsuccessful. Most recently, the Sixth Circuit explained:

> In 2007, after concluding that Smith had filed many meritless lawsuits, the district court revoked her privilege to file as a pauper. *Smith v. Dell, Inc.*, No. 06-2496, Order at 8–9 (W.D. Tenn. Jan 24, 2007). Smith appealed that dismissal, but her appeal was dismissed for want of prosecution after her motion to proceed in forma pauperis was denied. *Smith v. Dell, Inc.* No. 07-5166 (6th Cir. Oct. 11, 2007) (order). In two subsequent decisions, the district court reaffirmed the restrictions on Smith's filing privileges. *Smith v. Crye-Leike, Inc.*, No. 06-2715 (W.D. Tenn. Fed. 26, 2007) (order); *Smith v. New Amsterdam Capital Partners, LLC*, No. 06-2699 (W.D. Tenn. Feb. 2, 2007) (order). Appeals from those orders were dismissed for want of prosecution. *Smith v. New Amsterdam Capital Partners*, No. 07-5198 (6th Cir. Apr. 13, 2007) (order); *Smith v. Crye-Leike, Inc.*, No. 07-5329 (6th Cir. Nov. 14, 2007) (order).

> Smith provides no grounds to revisit those decisions. The district court acted within its authority in imposing filing restrictions on Smith. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order); *see also Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (affirming sanctions on vexatious litigant).

*Charmane Smith, et al.*, No. 10-5110 (6th Cir. May 6, 2010).

A district court has "inherent power and a constitutional obligation to protect its jurisdiction from conduct which impairs its ability to carry out Article III functions." *In re Gavitt*, 1987 WL 36293, at *1 (6th Cir. Feb 10, 1987) (citing *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984)). Smith's objections allege that the sanctions were an abuse of discretion and were intended to defame her. (ECF No. 9 at PageID 7–8.) But she provides only skeletal legal conclusions in making those allegations. So, like the Sixth Circuit in 2010, this Court finds no reason to revisit the sanctions revoking Smith's privilege to file in the Western District of Tennessee as a pauper.

With this in mind, the Court finds that the 2007 order entered by Judge Breen is appropriate and binding here. The Court therefore DIRECTS Plaintiff to pay the civil filing fee if she wishes to proceed with this lawsuit. Plaintiff has known about the cost of filing lawsuits in this district for some 12 years. The Court thus finds that the R&R's reasoning is well-taken and ADOPTS the R&R in full.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's objection and **ADOPTS** the R&R. The Court thus **DENIES** Plaintiff's motion or leave to proceed in forma pauperis and **DIRECTS** Plaintiff to pay the § 400.00 civil filing fee within 14 days of the entry of this Order if she wishes to pursue this litigation.

**SO ORDERED**, this 21st day of October, 2019.

                                          s/Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE